IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY BRIAN HAWKINS,<br><br>Plaintiff,<br><br>v.<br><br>ADAM F. GHIZ, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-cv-00466-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is pro se Plaintiff Anthony Brian Hawkins's ("Mr. Hawkins") amended complaint[3] and motion for leave to file a second amended complaint.[4] The court notes that Mr. Hawkins has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[5] Accordingly, the court will review the sufficiency of Mr. Hawkins's amended complaint and proposed second amended complaint under the authority of the IFP Statute.

---

[1] ECF No. 31.

[2] ECF No. 41.

[3] ECF No. 11.

[4] ECF No. 29.

[5] ECF No. 2.

## BACKGROUND

The following background is based upon the court's liberal reading of Mr. Hawkins's amended complaint and proposed second amended complaint. On May 18, 2016, Mr. Hawkins went to an Intermountain Healthcare ("Intermountain") hospital in Riverton, Utah, due to a serious panic attack. Mr. Hawkins was eventually admitted into the emergency room at the hospital for assessment. After his arrival, Intermountain hospital staff contacted the Unified Police Department ("UPD") because Mr. Hawkins was exhibiting "odd behavior" as a result of the panic attack.[6] Due to his behavior and actions, hospital staff in the emergency room placed Mr. Hawkins into "4-point restraints" with help from UPD Officers.[7] Mr. Hawkins alleges that he was left in the restraints "from around 18:15 to around 22:15."[8] Mr. Hawkins further alleges that he showed inappropriate behavior only "between 18:15 to on or around 18:45" and was left in the restraints "for safety reasons . . . until 22:15."[9] After the restraints were removed, Mr. Hawkins was admitted to the intensive care unit at the hospital for, among other things, "altered mental status" and "possible suicidal ideation."[10]

The following day, while Mr. Hawkins was still in the intensive care unit and under medication, the UPD Officers arrived at the hospital to speak with him "regarding some legal

---

[6] ECF No. 11 at 5; ECF No. 29-1 at 5.

[7] ECF No. 11 at 5; ECF No. 29-1 at 5.

[8] ECF No. 11 at 6; ECF No. 29-1 at 6.

[9] ECF No. 11 at 6; ECF No. 29-1 at 6.

[10] ECF No. 11 at 6; ECF No. 29-1 at 6.

matters."[11]  Mr. Hawkins contends that upon the UPD Officers' arrival, they placed him back into the 4-point restraints without permission from hospital staff.  Mr. Hawkins alleges that he pleaded with the UPD Officers to stop because the restraints were "to[o] tight."[12]  Mr. Hawkins asserts that due to his "mental status" and this final incident with the UPD Officers, he was forced to check into a behavioral health facility "to work on [his] mental status."[13]  Mr. Hawkins contends that the UPD Officers put him in the restraints "to punish for past conduct and NOT to ensure safety."[14]

Based upon those factual allegations, Mr. Hawkins's amended complaint and proposed second amended complaint assert multiple causes of action under 42 U.S.C. § 1983 against the various named Defendants.  Each of those causes of action will be described and analyzed below.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

---

[11] ECF No. 11 at 6; ECF No. 29-1 at 6.

[12] ECF No. 11 at 6; ECF No. 29-1 at 6.

[13] ECF No. 11 at 6; ECF No. 29-1 at 6.

[14] ECF No. 11 at 8, 10, 12; ECF No. 29-1 at 8, 10, 12.

Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted) (alteration in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him. *Twombly*, 550 U.S. at 555. The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

In analyzing Mr. Hawkins's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted). After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

5

## ANALYSIS

I. **Review of Mr. Hawkins's Amended Complaint and Proposed Second Amended Complaint Under the IFP Statute**

Mr. Hawkins asserts the following causes of action in his amended complaint and proposed second amended complaint: (A) excessive force under the Fourth Amendment; (B) excessive force under the Eighth Amendment; (C) violations of due process and equal protection under the Fourteenth Amendment; (D) violations of due process and equal protection under the Fifth Amendment; and (E) state-law claims for assault and battery, negligence, and intentional infliction of emotional distress. The court will address Mr. Hawkins's claims in that order. Based upon the following analysis, the court concludes that all of Mr. Hawkins's federal claims fail and, therefore, that the court should decline to exercise supplemental jurisdiction over his state-law claims. Accordingly, the court recommends that Mr. Hawkins's federal claims be dismissed with prejudice, his state-law claims be dismissed without prejudice, and his motion for leave to file his proposed second amended complaint be denied as futile.

    A. **Mr. Hawkins Fails to State Claims for Excessive Force Under the Fourth Amendment.**

"The Fourth Amendment protects individuals from 'unreasonable . . . seizures,' U.S. Const. amend. IV, and courts have long recognized that the reasonableness of a seizure depends not just on why or when it is made, but also on how it is accomplished." *Fisher v. City of Las Cruces*, 584 F.3d 888, 894 (10th Cir. 2009). "To state a claim of excessive force under the Fourth Amendment, a plaintiff must show both that a 'seizure' occurred and that the seizure was 'unreasonable.'" *Bella v. Chamberlain*, 24 F.3d 1251, 1255 (10th Cir. 1994) (quoting *Brower v. Cty. Of Inyo*, 489 U.S. 593, 599 (1989)). "A seizure occurs when there is 'an intentional

acquisition of physical control.'" *Lemery v. Beckner*, 323 F. App'x 644, 649 (10th Cir. 2009) (quoting *Brower*, 489 U.S. at 596). For purposes of analyzing Mr. Hawkins's Fourth Amendment excessive force claims, the court will assume that he has demonstrated that a seizure occurred. Accordingly, the court turns to whether that seizure was unreasonable. "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis omitted); *see also Woodford v. Robillard*, No. 2:11-CV-370 CW, 2013 WL 1403494, at *7 (D. Utah Apr. 5, 2013) ("The Tenth Circuit has held that all claims of excessive force during arrest or confinement before a defendant is formally charged or brought before a judicial officer are governed by the objective reasonableness standard of the Fourth Amendment.").

> Claims of excessive force are analyzed under the *objective* reasonableness standard of the Fourth Amendment. . . . The reasonableness of an officer's conduct must be assessed "from the perspective of a reasonable officer on the scene," recognizing the fact that the officer may be "forced to make split-second judgments" under stressful and dangerous conditions.

*Lemery*, 323 F. App'x at 649-50 (quoting *Graham*, 490 U.S. at 396-97).

Mr. Hawkins alleges that the UPD Officers' use of 4-point restraints on him was unreasonable. The court disagrees and concludes that Mr. Hawkins's Fourth Amendment excessive force claims fail for the following reasons: (1) Mr. Hawkins fails to allege a sufficient injury; (2) Mr. Hawkins fails to sufficiently allege that his injury was caused by the UPD Officers' conduct; and (3) Mr. Hawkins's allegation concerning the UPD Officers' intentions and motivations is not relevant to his claims. The court will address each of those reasons below.

### 1. Mr. Hawkins Fails to Allege a Sufficient Injury to Support His Fourth Amendment Excessive Force Claims.

Although the court was unable to find any cases addressing the use of 4-point restraints in the context of a Fourth Amendment excessive force claim, the court concludes that cases involving handcuffing provide sufficient analogues to the instant case. To succeed on a Fourth Amendment claim of excessive force involving handcuffing, "a plaintiff must show some actual injury that is not de minimis, be it physical or emotional." *Koch v. City of Del City*, 660 F.3d 1228, 1247 (10th Cir. 2011) (quotations and citations omitted). "Unduly tight handcuffs can, in some cases, amount to excessive force. But a plaintiff still must make a showing that the handcuffs caused some actual injury that is not de minimis before we can find a constitutional violation." *Scott v. City of Albuquerque*, 711 F. App'x 871, 881 (10th Cir. 2017) (quotations and citations omitted).

Although Mr. Hawkins alleges that the 4-point restraints used by the UPD Officers were "to[o] tight,"[15] nowhere in his amended complaint or proposed second amended complaint does he allege that he suffered any physical injuries as a result of the restraints. As such, his Fourth Amendment excessive force claims fail to the extent they are based upon any physical injuries.

Mr. Hawkins does allege that due to his "mental status" and the final incident with the UPD Officers, he was forced to check into a behavioral health facility "to work on [his] mental status."[16] However, psychological injuries, without any attendant physical injuries, are generally insufficient to state a Fourth Amendment claim for excessive force. *See, e.g.*, *Jarrett v. Schubert*,

---

[15] ECF No. 11 at 6; ECF No. 29-1 at 6.

[16] ECF No. 11 at 6; ECF No. 29-1 at 6.

8

No. 97-2628-GTV, 1998 WL 471992, at *4 (D. Kan. July 31, 1998) ("It is uncontroverted here that [the plaintiff] sustained no physical injuries but only mental anguish and emotional distress. In rare circumstances, infliction of psychological harm, without a concomitant physical injury, may contravene the Fourth Amendment. This case, however, does not present such a scenario. [The defendant]'s striking and pushing of [the plaintiff] is not the type of malevolent touch that triggers a federal cause of action. [The plaintiff]'s excessive force claim against [the defendant], therefore, must be dismissed." (footnote and citations omitted)).

Furthermore, even under a generous reading of Mr. Hawkins's allegations, the court concludes that the UPD Officers used, at most, de minimis force in placing Mr. Hawkins in the 4-point restraints. The use of such force is generally insufficient to support claims of excessive force under the Fourth Amendment. *Thomas v. Vaughn*, No. 2:93-CV-925 PGC, 2006 WL 2375657, at *11 (D. Utah Aug. 11, 2006) ("[W]hile minor injuries do not preclude an action for unreasonable force [under the Fourth Amendment], *de minimis* uses of physical force ordinarily do not rise to the level of a constitutional violation.").

### 2. Mr. Hawkins Fails to Sufficiently Allege That His Injury Was Caused by the UPD Officers' Conduct.

As noted above, Mr. Hawkins does not allege any physical injuries resulted from the final incident with the UPD Officers. Instead, his Fourth Amendment excessive force claims appear to be based solely upon alleged psychological injuries. Indeed, Mr. Hawkins's only allegation of injury is that due to his "mental status" and the final incident with the UPD Officers, he was forced to check into a behavioral health facility "to work on [his] mental status."[17] Even

---

[17] ECF No. 11 at 6; ECF No. 29-1 at 6.

assuming that Mr. Hawkins's alleged psychological injuries could support his Fourth Amendment excessive force claims, which they do not, that conclusory allegation is insufficient under Rule 8(a)(2) and Rule 12(b)(6) to demonstrate that his alleged psychological injuries were caused by the UPD Officers. Without a direct, causal connection between the UPD Officers' conduct and Mr. Hawkins's alleged injuries, his claims for excessive force under the Fourth Amendment fail. *Zartner v. Miller*, 760 F. App'x 558, 560-561 (10th Cir. 2019) (stating that "[t]o trigger liability for unduly tight handcuffs . . . the plaintiff must show . . . *a causal link* between this injury and the unduly tight handcuffs" (emphasis added)); *Harris v. Serpas*, 745 F.3d 767, 772 (5th Cir. 2014) (stating that "[t]o prevail on an excessive force claim, a plaintiff must establish" an injury that "resulted *directly and only* from a use of force that was clearly excessive" (emphasis added)); *Ostrowski v. City of Montrose*, No. 14-CV-01934-RBJ, 2015 WL 6467814, at *2 (D. Colo. Oct. 26, 2015) (providing that "[o]verly tight handcuffing can constitute excessive force in violation of the Fourth Amendment if it *actually caused injury*" (emphasis added)); *Sanchez v. Bauer*, No. 14-CV-02804-MSK-KLM, 2015 WL 13730690, at *13 (D. Colo. June 29, 2015) ("Other than broad, conclusory statements, [the plaintiff] has not alleged that he was injured or that his injuries were caused by [the defendant]'s conduct, as he must to survive dismissal of [his Fourth Amendment] claim."), *report and recommendation adopted*, No. 14-CV-02804-MSK-KLM, 2015 WL 5026195 (D. Colo. Aug. 26, 2015)

### 3. Mr. Hawkins's Allegation Concerning the UPD Officers' Intentions and Motivations Is Not Relevant to His Fourth Amendment Excessive Force Claim.

As stated above, Mr. Hawkins alleges that the UPD Officers put him in the restraints "to punish for past conduct and NOT to ensure safety."[18] Such a conclusory allegation is not relevant to claims for excessive force under the Fourth Amendment. *Thomas*, 2006 WL 2375657, at *11 ("Plaintiff's allegations attempt to portray Defendants' actions as unreasonable based primarily on conclusory allegations about Defendants possible intentions or motivations. However, to state a claim [under the Fourth Amendment] Plaintiff must allege sufficient facts to show that the actions were unreasonable 'irrespective of their underlying intent or motivation.'" (quoting *Frohmader v. Wayne*, 958 F.2d 1024, 1026 (10th Cir. 1992))). Although not entirely dispositive of Mr. Hawkins's Fourth Amendment excessive force claims, this provides further support for dismissal of those claims when considered in conjunction with the two foregoing reasons.

### B. Mr. Hawkins Fails to State Claims for Excessive Force Under the Eighth Amendment.

To the extent that any of Mr. Hawkins's claims are made under the Eighth Amendment, they must fail because the alleged excessive force did not occur while he was an inmate. *Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) ("[C]laims of excessive force involving convicted prisoners arise under the Eighth Amendment."); *Holmes v. Dailey*, No. 97-2418-JWL, 1998 WL 709621, at *2 (D. Kan. Aug. 14, 1998) ("The Eighth Amendment provides constitutional protection from excessive force in connection with inmates who have been

---

[18] ECF No. 11 at 8, 10, 12; ECF No. 29-1 at 8, 10, 12.

adjudicated guilty and have not yet completed their sentences." (citing *Graham*, 490 U.S. at 395 n.10; *Whitley v. Albers*, 475 U.S. 312, 327 (1986))). Accordingly, Mr. Hawkins's claims for excessive force under the Eighth Amendment should be dismissed with prejudice.

    **C.    Mr. Hawkins Fails to State Claims for Violations of Due Process and Equal Protection Under the Fourteenth Amendment.**

Under a liberal reading of Mr. Hawkins's amended complaint and proposed second amended complaint, it appears that he asserts the following claims under the Fourteenth Amendment: (1) deprivation of "the right of bodily liberty";[19] (2) failure to train against UPD Sheriff Rosie Rivera ("Ms. Rivera"); (3) violation of equal protection; and (4) violation of "the right to informational privacy and confidentiality,"[20] violations of the Health Insurance Portability and Accountability Act ("HIPAA"), and "failure to protect"[21] against several Intermountain employees. The court will address each of those claims below. For the following reasons, the court concludes that they all fail.

    **1.    Mr. Hawkins's Bodily Liberty Claim Fails.**

Mr. Hawkins makes the conclusory claim that he was deprived of the right of bodily liberty. Because it is not developed or factually supported in any way, that claim must fail under Rule 8(a)(2) and Rule 12(b)(6). Furthermore, even if the court liberally construes this claim as

---

[19] ECF No. 11 at 15, 16; ECF No. 29-1 at 13.

[20] ECF No. 11 at 17; ECF No. 29-1 at 14.

[21] ECF No. 11 at 21. Although Mr. Hawkins asserts this claim under the Eighth Amendment, the court construes it as being brought under the Fourteenth Amendment. *See, e.g.*, *Taylor v. Cherverko*, No. 15 CV 444 (VB), 2016 WL 29630, at *3 n.2 (S.D.N.Y. Jan. 4, 2016) (construing the plaintiff's claim for violation of equal protection clause of the Eighth Amendment as being brought under the Fourteenth Amendment because "[t]he Eighth Amendment contains no Equal Protection Clause").

one for excessive force, Mr. Hawkins cannot bring such a claim under the Fourteenth Amendment because he was not a pretrial detainee during the incident in question. *Estate of Booker*, 745 F.3d at 419 ("It is . . . well-established that the Fourteenth Amendment governs any claim of excessive force brought by a pretrial detainee—one who has had a judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." (quotations and citations omitted) (second and third alterations in original)).

### 2. Mr. Hawkins's Failure to Train Claim Fails.

This claim appears to be brought improperly against Ms. Rivera and instead should have been brought against the municipality or county that governs the UPD. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) ("Suing individual defendants in their official capacities under § 1983, we've recognized, is essentially another way of pleading an action against the county or municipality they represent."). Regardless, the claim must fail because Mr. Hawkins has failed to establish that there were any underlying constitutional violations. *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008) (affirming grant of summary judgment on a § 1983 failure to train claim because "no constitutional violation occurred"); *Adams v. Mustang Police Dep't*, No. CIV-07-1113-D, 2009 WL 152580, at *12 (W.D. Okla. Jan. 21, 2009) ("[I]n the absence of an underlying constitutional violation by a [city] employee, there can be no liability on the part of the [city].").

### 3. Mr. Hawkins's Equal Protection Claims Fails.

In his amended complaint, Mr. Hawkins asserts equal protection claims based solely on his conclusory allegation that he was "arbitrarily and irrationally singled out and treated differently from others in the similar situation and there is no rational basis for the difference in

13

treatment [Mr. Hawkins] received [from] the [UPD]."[22]  Mr. Hawkins does not develop or factually support that allegation in any way.  Therefore, the court concludes that it is insufficient under both Rule 8(a)(2) and Rule 12(b)(6).  Furthermore, Mr. Hawkins "does not allege [either that] he has . . . a fundamental right or that he is a member of a protected class, either of which is necessary to allege a viable Equal Protection claim." *Stein v. N.M.*, No. 15-CV-00776 WJ-KBM, 2016 WL 8919404, at *13 (D.N.M. Apr. 29, 2016).

In his proposed second amended complaint, Mr. Hawkins makes a conclusory reference to his assertion of a "class of one" equal protection claim.[23]  Not only is that conclusory allegation insufficient under Rule 8(a)(2) and Rule 12(b)(6), but the court concludes that such a claim is not plausible based upon the remainder of Mr. Hawkins's allegations.  "The Supreme Court has 'recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id*. (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)) (alteration in original).  Mr. Hawkins fails to provide any allegations to demonstrate how he was treated differently from others similarly situated, that the alleged difference in treatment was intentional, or that the alleged difference in treatment lacked a rational basis.

---

[22] ECF No. 11 at 15, 16.

[23] ECF No. 29-1 at 13, 14.

### 4.     Mr. Hawkins's Remaining Fourteenth Amendment Claims Fail.

As noted above, Mr. Hawkins's remaining Fourteenth Amendment Claims are against several Intermountain employees for violation of "the right to informational privacy and confidentiality,"[24] violations of HIPAA, and "failure to protect."[25]  Those claims fail for several reasons.

First, they are not properly brought under § 1983 because they are asserted against private persons who did not act under color of state law.  *Hunter v. Midland Mortg.*, No. CV-15-1266-R, 2015 WL 8207522, at *1 (W.D. Okla. Dec. 7, 2015) ("Plaintiff's reliance on 42 U.S.C. § 1983 is misplaced, because § 1983 creates a private cause of action when persons acting under color of state law violate a person's constitutional rights.  A private person is not liable under 42 U.S.C. § 1983, and therefore Plaintiff cannot rely on this section to invoke the Court's jurisdiction.").  It is true that the Tenth Circuit has recognized that, in some cases, a non-state actor can be held liable for civil rights violations under § 1983 if he or she conspired with a state actor in committing those violations.  *See, e.g.*, *Crabtree v. Muchmore*, 904 F.2d 1475, 1480 (10th Cir. 1990).  However, in such cases, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Id*. at 1480-81 (quotations and citations omitted).  Here, Mr. Hawkins has not included any allegations, let alone conclusory allegations, concerning any sort of conspiracy.

---

[24] ECF No. 11 at 17; ECF No. 29-1 at 14.

[25] ECF No. 11 at 21.

Second, even if these claims alleged that the action was taken under color of state law, they would fail because Mr. Hawkins has failed to demonstrate that any constitutional violations occurred. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (providing that to state a claim under § 1983, a plaintiff must establish that a constitutional right was violated and that the violation occurred under color of state law).

Finally, to the extent that Mr. Hawkins intended to make claims under HIPAA without reference to the Fourteenth Amendment, those claims must also fail because HIPAA does not create a private right of action. *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) ("HIPAA does not create a private right of action."); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").

### D.     Mr. Hawkins Fails to State Claims for Violations of Due Process and Equal Protection Under the Fifth Amendment.

As an initial matter with respect to these claims, the court notes that "[w]hile the Fifth Amendment contains no equal protection clause, the equal protection standards of the Fourteenth Amendment are incorporated into the Fifth Amendment's promise of due process." *United States v. McHorse*, 179 F.3d 889, 897 n.1 (10th Cir. 1999). Nevertheless, Mr. Hawkins cannot state any viable claims for violations of due process under the Fifth Amendment because none of his allegations involve any actions taken by the federal government. *Parnisi v. Colo. State Hosp.*, 992 F.2d 1223 (Table), 1993 WL 118860, at *1 (10th Cir. April 15, 1993) ("The Fifth Amendment due process clause only protects against due process violations caused by the federal government."). Therefore, Mr. Hawkins's Fifth Amendment claims should be dismissed with prejudice.

   **E. The Court Should Decline to Exercise Supplemental Jurisdiction Over Mr. Hawkins's State-Law Claims for Assault and Battery, Negligence, and Intentional Infliction of Emotional Distress.**

"Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are part of the same Article III case or controversy as claims over which the court has original jurisdiction." *Brock v. Herbert*, No. 2:09-CV-1118, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012). However, "[u]nder 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch*, 660 F.3d at 1248 (quotations and citations omitted).

  The court has concluded that all of Mr. Hawkins's federal claims should be dismissed. Because Mr. Hawkins's claims for assault and battery, negligence, and intentional infliction of emotional distress are all based upon state law, the court should decline to exercise supplemental jurisdiction over those claims. Accordingly, they should be dismissed without prejudice. *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))).

**II. Futility of Amendment**

  As noted above, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an

17

opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).  For the following two reasons, the court concludes that it would be futile to allow Mr. Hawkins to amend his complaint and, therefore, that his motion for leave to file a second amended complaint should be denied.

First, even if the court were to permit Mr. Hawkins to file his proposed second amended complaint, it would be subject to dismissal under the analysis set forth above.  The first three federal claims in his proposed second amended complaint are identical to the first three claims in his amended complaint, with the exception of hand-written notations changing them from Eighth Amendment claims to Fourth Amendment claims.  The remaining two federal claims in the proposed second amended complaint are his "class of one" claims under the Fourteenth Amendment.  The only other claims in his proposed second amended complaint are his state-law claims.  The court addressed all of those claims above and concluded that they should be dismissed.  Furthermore, Mr. Hawkins provides no new factual allegations in his proposed second amended complaint to support his claims.  In fact, his proposed second amended complaint includes the identical statement of facts that he included in his amended complaint.

Second, under the analysis set forth above, the court concludes that Mr. Hawkins could not provide any additional, plausible allegations that would save any of his current claims or proposed claims from dismissal.  Therefore, the court concludes that it would be futile to provide him with any further opportunity to amend his complaint.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED:

1. Mr. Hawkins's federal claims in this action be DISMISSED WITH PREJUDICE under the authority of the IFP Statute. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Mr. Hawkins's state-law claims in this action be DISMISSED WITHOUT PREJUDICE.

3. Mr. Hawkins's motion for leave to file a second amended complaint[26] be DENIED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED August 21, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[26] ECF No. 29.