IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY BRIAN HAWKINS,<br><br>Plaintiff,<br><br>v.<br><br>ADAM F. GHIZ, et al.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br>• **GRANTING [55] MOTION TO RECONSIDER; and**<br>• **OVERRULING [47] OBJECTION**<br><br>Case No. 2:18-cv-00466-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett. |

**THE MOTION TO RECONSIDER**

This court previously issued an order[1] overruling Plaintiff's objection[2] to a nondispostive order issued by Magistrate Judge Jared C. Bennett.[3] In that previous order, the court acknowledged that, while Plaintiff filed an objection to Magistrate Judge Bennett's order, the court considered that objection untimely.[4]

Plaintiff has now filed a motion to reconsider the order overruling his objection.[5] In support of that motion to reconsider, Plaintiff argues that under the "prison mailbox rule," his objection should have been considered timely.[6] That rule establishes that "a pro se prisoner's *notice of appeal* will be considered timely if given to prison officials for mailing prior to the

---

[1] Order Overruling [47] Objection, ECF No. 51, filed November 19, 2020.

[2] Objection, ECF No. 47, filed September 15, 2020.

[3] Order, ECF No. 44, filed August 21, 2020.

[4] Order Overruling [47] Objection at 2–3.

[5] Motion for Reconsideration, ECF No. 55, filed December 3, 2020.

[6] *Id.* at 3.

filing deadline, regardless of when the court itself receives the documents."[7] The Tenth Circuit

Court of Appeals has acknowledged that the prison mailbox rule also "applies equally to an

inmate's filing of a civil rights complaint"[8] and that there are "obvious practical reasons for

imposing a uniform rule to all inmate filings[.]"[9] Based on that language, other courts within this

circuit "apply the mailbox rule to all court filings" by pro se inmates.[10]

Based on Plaintiff's motion and supporting documents,[11] the court will apply the prison

mailbox rule to this motion and treat it as if it were timely filed.  The Court therefore grants

Plaintiff's motion to reconsider and will address the merits of his objection.

### RECONSIDERATION OF PLAINTIFF'S OBJECTION

In the order[12] issued by Magistrate Judge Jared C. Bennett on August 21, 2020, Judge

Bennett ordered that: 1) Plaintiff's motion to withdraw his motion to hold the Nevada

Department of Corrections (NDOC) in contempt[13] was granted; 2) because that motion to

withdraw was granted, Plaintiff's motion to hold the NDOC in contempt was moot;[14] 3)

Plaintiff's three other motions concerning the NDOC[15] were denied; and 4)  Plaintiff's motion to

reconsider the denial of his motion to appoint counsel[16] was denied.

---

[7] *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005) (*quoting Houston v. Lack*, 487 U.S. 266, 276 (1988) emphasis added).

[8] *Id.* at 1164.

[9] *Id.*

[10] *Domenech v. United States*, 2019 WL 1052293, at *3 (D. Colo. Feb. 11, 2019) (citing *United States v. Gonzalez-Arenas*, 2016 WL 10859436, at *2 n.2 (D. Colo. Apr. 22, 2016)).

[11] Motion for Reconsideration, Exhibit 1, Declaration at 1, ECF No. 55-1, filed December 3, 2020.

[12] Order, ECF No. 44, filed August 21, 2020.

[13] ECF No. 40, filed June 1, 2020.

[14] ECF No. 30, November 13, 2019.

[15] ECF No. 33 filed February 2, 2020; ECF No. 39 filed June 1, 2020; and ECF No. 42 filed July 16, 2020.

[16] ECF No. 28, filed October 15, 2019.

The six motions that were the subject of the Order were all nondispostive and related to Plaintiff's difficulty with the NDOC in forwarding Plaintiff's initial partial filing fee associated with his permission to proceed in forma pauperis.[17] Under Fed. Civ. P. 72(a), a party's written objections to a magistrate judge's order on nondispositive pretrial matters must be specific. The district court then applies a "'clearly erroneous or contrary to law'" standard of review.[18] Under a clearly erroneous standard, the district court does not conduct a de novo review of the magistrate judge's factual findings; instead, it must affirm an order unless a review of the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[19] Under the "the contrary to law" standard, a district court is permitted to conduct independent review of purely legal determinations made by the magistrate judge.[20] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[21]

Plaintiff's Objection is comprised of nine separate objections regarding the actions specified in the Order. Objections number one through eight[22] focus on the portions of the Order relating to Plaintiff's Motions concerning the NDOC. The final objection, objection nine, focuses on the portion of the order that denied Plaintiff's motion to reconsider the denial of his motion to appoint counsel.[23]

---

[17] Order at 3–4.

[18] *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (*quoting Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[19] *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation and internal quotation marks omitted).

[20] *Id.*

[21] *Meacham v. Church*, 2010 WL 1576711, at *1 (D. Utah Apr. 19, 2010).

[22] Objection at 2–6.

[23] *Id.* at 6.

Although Plaintiff offers reasons supporting each of these objections, only Plaintiff's second and eighth objections are accompanied by reference to case law or statute and appear to suggest that Magistrate Judge Bennett misapplied the relevant case law or statute. As such, the court will review Plaintiff's first, third, fourth, fifth, sixth, seventh, and ninth objection using the clearly erroneous standard. Plaintiff's second and eighth objections will be reviewed under the contrary to law standard.

As to the objections reviewable under the clearly erroneous standard, Plaintiff's objections do not leave the court with the definite and firm conviction that a mistake has been committed. Plaintiff's objections are largely disagreements with the written body of the Order, including that the Order did not adequately reference Plaintiff's briefing in opposition to NDOC's filings[24] or that Magistrate Judge Bennett misinterpreted the relief that Plaintiff was seeking in his motions.[25] Plaintiff also acknowledges that Magistrate Judge Bennett used the appropriate factors to analyze his request for counsel, yet maintains it is unclear how Judge Bennett reached the conclusion to deny the request.[26]

"Mere disagreement" with the order of a magistrate judge does not make that order "incorrect or outside the bounds of [the magistrate judge's] authority."[27] Here, Magistrate Judge Bennett appropriately addressed the motions pertaining to Plaintiff's issues with the NDOC, determining NDOC offered a "reasonable explanation for its failure" as well as the "assurance that the problems with forwarding Mr. Hawkins's initial partial filing fee [had] been rectified.[28]

---

[24] *Id.* at 2, 4

[25] *Id.* at 4, 5.

[26] *Id.* at 5.

[27] *Rader v. United States*, 2008 U.S. Dist. LEXIS 93309, at *8–9, 2008 WL 4949168 (D. Colo. Nov. 17, 2008).

[28] Order at 4.

4

Judge Bennett also correctly determined that Plaintiff's request for counsel related to obtaining

counsel's assistance with the filing fee issues with NDOC and not with proceeding pro se with

his underlying complaint in this case.[29] The record here does not leave this court with the firm

conviction that a mistake has been made. Therefore, under a clearly erroneous standard,

Plaintiff's first, third, fourth, fifth, sixth, seventh, and ninth objections are overruled.

The objections reviewable under the contrary to law standard are also overruled.

Plaintiff's second objection, despite citation to *County of Los Angeles v. Davis*[30] regarding the

doctrine of mootness, again expresses only disagreement: Plaintiff "disagrees that withdrawing

the motion made the second motion [for contempt] moot."[31] The court also notes that Plaintiff

has misunderstood the effect of the Order. The Order noted that Plaintiff's motion to withdraw

his initial motion to hold the NDOC in contempt rendered *that* contempt motion moot.[32] The

Order did not moot Plaintiff's refiled contempt motion against the NDOC—it denied it.[33]

Magistrate Judge Bennett did not fail to apply, or misapply, any relevant case law or statute here.

Plaintiff's eighth objection, citing 28 U.S.C. § 2201, is apparently also based on a

misunderstanding. Here, Plaintiff objects to the Order's denial of his motion for declaratory

judgment by offering that he was seeking a declaratory judgment as "a binding statement of my

legal rights from the court concerning enforcing a court order, so my civil complaint could

proceed."[34] However, as other circuit courts of appeals have specified, a party may bring an

---

[29] *Id.* at 5.

[30] 440 U.S. 625, 631 (1979).

[31] Objection at 3.

[32] Order at 6.

[33] *Id.*

[34] Objection at 6.

*action* for declaratory judgment but may not make a *motion* for declaratory judgment.[35] In

denying the motion for declaratory judgment, Magistrate Judge Bennett correctly applied the

law. The objection is overruled.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration[36] is GRANTED.

Having reviewed Plaintiff's Objection[37] that was the focus of that Motion for Reconsideration,

that Objection[38] is OVERRULED.

Signed January 29, 2021.

BY THE COURT

_____

David Barlow
United States District Judge

---

[35] *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010); *Kam-Ko Bio-Pharm Trading Co. Ltd.-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009).

[36] Motion for Reconsideration, ECF No. 55, filed December 3, 2020.

[37] Objection, ECF No. 47, filed September 15, 2020.

[38] *Id.*