IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY BRIAN HAWKINS,<br><br>        Plaintiff,<br><br>v.<br><br>ADAM F. GHIZ, et al.,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER**<br>• **GRANTING [54] MOTION TO RECONSIDER; and**<br>• **OVERRULING [50] OBJECTION**<br><br>Case No. 2:18-cv-00466-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett. |

## THE MOTION TO RECONSIDER

On August 21, 2020, United States Magistrate Judge Jared C. Bennett issued the Report and Recommendation[1] recommending that Plaintiff's federal claims in this action be dismissed with prejudice, that Plaintiff's state law claims in this action be dismissed without prejudice, and that Plaintiff's October 29, 2019 motion for leave to file a second amended complaint be denied.[2] Although the court adopted the Report and Recommendation,[3] it did so with modifications because in the time between the issuance of that Report and Recommendation and the court's consideration of it, Plaintiff filed a new motion for leave to file a second amended complaint.[4] Because Magistrate Judge Bennett did not have that motion for leave to file before

---

[1] Report and Recommendation, ECF No. 43, filed August 21, 2020.

[2] *Id.* at 19.

[3] Memorandum Decision and Order Modifying and Adopting [43] Report and Recommendation and Denying [48] Motion to Withdraw No. [29] Motion for leave to File Second Amended Complaint, ECF No. 52, filed November 19, 2020.

[4] Motion for Leave to File Second Amended Complaint, ECF No 49, filed September 25, 2020.

him, the court did not adopt the futility analysis contained in the August 21, 2020 Report and Recommendation. Instead, the court dismissed Plaintiff's federal claims without prejudice, rather than with prejudice.[5]

As part of the order adopting and modifying the Report and Recommendation, the court acknowledged that the parties were notified of their right to file objections to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.[6] The court also noted that Plaintiff requested—and was granted—an extension of time until October 10, 2020 to file any objection.[7] Although Plaintiff filed an objection, the court considered that objection untimely because it was filed after the expiration of the extended filing period.[8]

Plaintiff has now filed a motion to reconsider the order overruling his objection.[9] In support of that motion to reconsider, Plaintiff argues that under the "prison mailbox rule," his objection should have been considered timely.[10] That rule establishes that "a pro se prisoner's *notice of appeal* will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."[11] The Tenth Circuit Court of Appeals has acknowledged that the prison mailbox rule also "applies equally to an inmate's filing of a civil rights complaint"[12] and that there are "obvious practical reasons for

---

[5] Memorandum Decision and Order Modifying and Adopting [43] Report and Recommendation and Denying [48] Motion to Withdraw No. [29] Motion for leave to File Second Amended Complaint at 3.

[6] *Id.* at 1–2.

[7] *Id.* at 2.

[8] *Id.*

[9] Motion for Reconsideration, ECF No. 54, filed December 3, 2020.

[10] *Id.* at 3.

[11] *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005) (*quoting Houston v. Lack*, 487 U.S. 266, 276 (1988) emphasis added).

[12] *Id.* at 1164.

imposing a uniform rule to all inmate filings[.]"[13] Based on that language, other courts within this circuit "apply the mailbox rule to all court filings" by pro se inmates.[14]

Based on Plaintiff's motion and supporting documents,[15] the court will apply the prison mailbox rule to this motion and treat it as if it were timely filed. The Court therefore grants Plaintiff's motion to reconsider and will address the merits of his objection.

## RECONSIDERATION OF PLAINTIFF'S OBJECTION

Plaintiff's Objection to the Report and Recommendation consists of seventeen separate objections.[16] The central focus of these objections is that Plaintiff should be provided with leave to amend his complaint and dismissal of any of his causes of action should be without prejudice.[17] However, as the court noted previously, Plaintiff did file a renewed motion for leave to file an amended complaint after the issuance of the Report and Recommendation and before his Objection. *That* filing caused the court to modify the Report and Recommendation so that the dismissal of Plaintiff's federal claims was without prejudice and to direct Magistrate Judge Bennett to review Plaintiff's latest motion for leave to file an amended complaint.

It is unnecessary here for the court to address the merits of Plaintiff's objection because the court already modified the Report and Recommendation to permit consideration of Plaintiff's latest motion to amend. Therefore, Plaintiff's objection is overruled, and the previous order modifying the Report and Recommendation stands.

---

[13] *Id.*

[14] *Domenech v. United States*, 2019 WL 1052293, at *3 (D. Colo. Feb. 11, 2019) (citing *United States v. Gonzalez-Arenas*, 2016 WL 10859436, at *2 n.2 (D. Colo. Apr. 22, 2016)).

[15] Motion for Reconsideration, Exhibit 1, Declaration at 1, ECF No. 54-1, filed December 3, 2020.

[16] Plaintiff's Objection to Report and Recommendation, ECF No. 50, filed October 14, 2020.

[17] *See id.* at 2, 4, 10–11.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration[18] is GRANTED. Having reviewed Plaintiff's Objection[19] that was the focus of that Motion for Reconsideration, that Objection[20] is OVERRULED.

Signed January 29, 2021.

BY THE COURT

David Barlow
United States District Judge

---

[18] Motion for Reconsideration, ECF No. 54, filed December 3, 2020.

[19] Plaintiff's Objection to Report and Recommendation, ECF No. 50, filed October 14, 2020.

[20] *Id.*